

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00014-CV

REBECCA TERRELL AND
CHANDRASHEKHAR THANEDAR, APPELLANTS

V.

PAMPA INDEPENDENT SCHOOL DISTRICT, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 35,621, Honorable Abe Lopez, Presiding

July 14, 2014

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellants, Rebecca Terrell and Chandrashekhar Thanedar, filed suit against appellee, Pampa Independent School District, for alleged violations of the Texas Open Meetings Act. *See* TEX. GOV'T CODE ANN. §§ 551.001-.146 (West 2012 & West Supp. 2013). After a one day bench trial, the trial court entered a take-nothing judgment against appellants. Appellants filed notice of appeal of this and other trial court rulings.

Due to issues relating to the reporter's record, we will abate this appeal and remand to the trial court for further proceedings as herein directed.

Appellants have filed an "Amended Motion to Replace Lost or Destroyed Trial Exhibits, File Original Exhibits on CDs in Physical Media, and Abate the Appeal," in which appellants contend that five exhibits (PX1, PX19, PX20, PX25, and PX32) have been lost or destroyed through no fault of appellants,[1] and requesting that this Court order that the original exhibits PX1,[2] PX13, and PX15 be submitted by the court reporter rather than copies. In her supplemental reporter's record filed on July 11, 2014, the court reporter seems to confirm that exhibits PX1, PX19, PX20, PX25, and PX32 are lost by indicating that, because these exhibits were not tendered to the court reporter, they cannot be included in the record. As to their request for the inclusion of original exhibits, appellants identify reasons that the original exhibits should be inspected by this Court rather than copies.[3]

Accordingly, we now order that the appeal be abated and the cause remanded to the trial court. The trial court is ordered to schedule, notify the parties of, and convene a hearing to determine: (1) whether any of the exhibits requested by appellants have been lost or destroyed. If so, (2) did the loss or destruction occur without appellants' fault; (3) is the missing exhibit necessary to the appeal's resolution; (4) can the parties agree to replace the exhibit; and (5) is there a copy of the exhibit which accurately duplicates the

---

[1] Each of these purportedly lost exhibits were at least offered for admission into evidence. Appellants contend that these exhibits and the trial court's rulings on their admission or exclusion from evidence are vital to appellants' appeal.

[2] Appellants are unclear how PX1 can simultaneously be lost and capable of being included in the reporter's record in original form.

[3] Notably, Pampa ISD has not objected or responded to appellants' contentions in their motion.

original exhibit within a reasonable degree of certainty. *See* TEX. R. APP. P. 34.6(f). At the same hearing, the trial court is also directed to determine (6) whether any of the original exhibits should be inspected by this Court in lieu of copies. *See* TEX. R. APP. P. 34.6(g)(2). Following the hearing, the trial court is directed to enter findings of fact and conclusions of law as to each of these identified issues.

Additionally, the trial court may enter orders as the court deems necessary regarding the aforementioned issues. If the trial court determines that this Court should inspect original exhibits in lieu of copies, the trial court is directed to make an order for the safekeeping, transportation, and return of that exhibit or exhibits. *See id.* The trial court shall cause its findings and conclusions and any orders entered to be included in a supplemental clerk's record. Further, a supplemental reporter's record of the hearing shall be transcribed as a supplemental reporter's record. The trial court shall ensure that the supplemental clerk's record and supplemental reporter's record be filed with the Clerk of this Court by Monday, August 11, 2014. If additional time is needed to perform the directed tasks, the trial court shall request it by Monday, August 11, 2014.

It is so ordered.

Per Curiam

3